UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**TIMOTHY WILLIAMS**                                        CASE NO.  6:25-CV-01665

**VERSUS**                                                  **JUDGE S. MAURICE HICKS, JR.**

**ACADIAN AMBULANCE SERVICES**                              **MAGISTRATE JUDGE CAROL B.**
**INC**                                                     **WHITEHURST**

*\*Also to be filed in Case No. 6:24-CV-01011*

**<u>MEMORANDUM ORDER</u>**

Plaintiff filed this suit *pro se* for damages arising from Acadian Ambulance's alleged data breach(es) in June 2024. (Rec. Doc. 1). Plaintiffs in the matter of *Hulse v. Acadian Ambulance*, Civil Action No. 24-CV-01011, proceeding before Judge Joseph and the undersigned, have asserted a putative class action against Acadian Ambulance based on the same alleged data breach.

F.R.C.P. Rule 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The district court has broad discretion in determining whether to consolidate cases, and consolidation may properly be denied where the cases are at different stages of preparedness for trial. *Mills v. Beech Aircraft Corp.,* 886 F.2d 758, 762 (5th Cir. 1989). A nonexhaustive list of factors

courts consider when deciding a motion to consolidate includes: (1) whether the cases are pending in the same court, (2) whether the cases involve a common party, (3) whether the cases involve common issues of law or fact, (4) whether consolidation risks the possibility of prejudice or confusion, and if there is such a risk, if the risk of inconsistent adjudications if tried separately outweighs that risk, (5) whether consolidation will result in an unfair advantage, (6) whether consolidation will conserve judicial resources and increase judicial efficiencies, and (7) whether consolidation will reduce the expense of trying the case separately. *Crescent Bank & Tr. v. Cadle Co. II*, No. CV 21-3961, 2021 WL 6616587, at *1 (W.D. La. Dec. 13, 2021). The Court may order consolidation *sua sponte*. *Miller v. U.S. Postal Serv.,* 729 F.2d 1033, 1036 (5th Cir. 1984). Considering Plaintiff's claims, the Southern District of Texas's Transfer Order (Rec. Doc. 24), and the relevant factors, the Court finds consolidation is warranted.

Accordingly,

IT IS ORDERED that the captioned matter be consolidated with the matter of *Hulse v. Acadian Ambulance*, Civil Action No. 24-CV-01011.

Signed at Lafayette, Louisiana on this 6th day of November, 2025.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE